**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0079-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JORGE ECHEVERRY, a/k/a GATO,

    Defendant-Appellant.

_____

Submitted August 7, 2018 — Decided August 13, 2018

Before Judges Sabatino and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
05-04-0479.

Michael Pastacaldi, attorney for appellant.

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Svjetlana Tesic,
Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Jorge Echeverry appeals from the trial court's
August 30, 2017 order denying his petition for post-conviction
relief ("PCR") without an evidentiary hearing.  We affirm.

In April 2005, defendant was named with others in a multi-count indictment. The indictment charged him with nine counts of distribution of a controlled dangerous substance ("CDS"), including the distribution of CDS within 1000 feet of a school, and CDS distribution within 500 feet of a public housing facility; four counts of possession of CDS with the intent to distribute it; and one count of operating a CDS facility.

Defendant entered into a negotiated plea agreement with the State, in which he agreed to plead guilty to an amended charge of third-degree possession of CDS with the intent to distribute, N.J.S.A. 2C:35-5(a)(1), reduced from a first-degree charge. In addition to the possessory downgrade, the State agreed to dismiss all other charges against defendant.

Defendant and his counsel appeared before the trial court on September 14, 2005, at which time he voluntarily entered a guilty plea to the amended possessory count, consistent with the terms of the plea agreement. Defendant was sentenced to two years of probation, largely based upon the application of mitigating sentencing factor twelve, N.J.S.A. 2C:44-1(b)(12). Defendant did not appeal his judgment of conviction.

In March 2017, defendant filed a PCR petition, claiming his former counsel was ineffective for allegedly failing to advise him, as a non-citizen, about the adverse immigration consequences

2

of his guilty plea. Defendant also sought to withdraw his guilty plea. After hearing oral argument, the PCR judge denied the petition and found no need for an evidentiary hearing. The judge also rejected defendant's belated request to withdraw his plea.

On appeal, defendant repeats his argument that his former counsel was ineffective because counsel allegedly failed to advise him the plea might result in his deportation. He asserts that his counsel knew he was not a citizen, and that there is nothing in the record to show counsel advised him of immigration consequences. He notes that question number seventeen on the plea form, requiring him to acknowledge as a non-citizen that he could be deported, was marked both "yes" and "n/a," the latter of which was crossed out and not initialed.

Defendant argues he was entitled to an evidentiary hearing because of the alleged discrepancy on the plea form. Defendant concedes his PCR application was filed beyond the five-year time bar of Rule 3:22-12, but argues there was excusable neglect for his delay. Defendant asserts he never signed an appeals rights form and claims he was never informed about the PCR time bar.

In his briefs, defendant presents the following points for our consideration:

A-0079-17T3

POINT ONE

THE TRIAL COURT ERRED IN DENYING MR. ECHEVERRY'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE HIM OF HIS IMMIGRATION CONSEQUENCES ASSOCIATED WITH THE PLEA.

POINT TWO

MR. ECHEVERRY IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT THREE

THE TRIAL COURT ERRED IN TIME BARRING MR. ECHEVERRY'S PETITION PURSUANT TO R. 3:22-12.

POINT FOUR

THE TRIAL COURT ERRED BY DENYING MR. ECHEVERRY'S MOTION TO WITHDRAW HIS PLEA.

REPLY POINT ONE

THE STATE'S INTERPRETATION OF STATE V. MOLINA AS NON-APPLICABLE TO MR. ECHEVERRY'S PETITION FOR POST-CONVICTION RELIEF IS INCORRECT.

REPLY POINT TWO

THE STATE'S RELIANCE ON STATE V. CHUNG AS APPLICABLE TO MR. ECHEVERRY'S PETITION FOR POST-CONVICTION RELIEF IS MISPLACED.

REPLY POINT THREE

THE TRIAL COURT ERRED BY DENYING MR. ECHEVERRY'S MOTION TO WITHDRAW HIS PLEA.

<u>REPLY POINT FOUR</u>

MR. ECHEVERRY IS ENTITLED TO AN EVIDENTIARY
HEARING ON HIS CLAIM THAT HIS TRIAL ATTORNEY
RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

Having considered these points in light of the record and the applicable law, we affirm the denial of defendant's PCR petition.

As this court explained in <u>State v. O'Donnell</u>, 435 N.J. Super. 351, 368 (App. Div. 2014), the analysis of a defendant's PCR petition and a motion to withdraw a guilty plea are governed by two distinct legal criteria. Applying those separate criteria, defendant's claims for relief were properly rejected.

We begin with the PCR petition. For the sake of discussion, we shall assume, but not decide, that defendant's PCR petition is not time-barred. We thus choose to address the merits of his claims of ineffective assistance of plea counsel.

The Supreme Court of the United States held in 2010 that criminal defense attorneys are affirmatively obligated to inform their clients about the deportation risks of entering a guilty plea. <u>Padilla v. Kentucky</u>, 559 U.S. 356, 367-69 (2010); <u>see also</u> <u>Lee v. United States</u>, 582 U.S. \_\_\_, \_\_\_, 137 S. Ct. 1958, 1965 (2017) (holding that, when a defendant pled guilty prior to trial based on incorrect advice from counsel about deportation consequences, the court must determine "whether the defendant was prejudiced by the 'denial of the entire judicial proceeding . . .

to which he had a right.'") (quoting <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 483 (2000)).

The Court has determined that <u>Padilla</u> does not apply retroactively. <u>Chaidez v. United States</u>, 568 U.S. 342, 347 (2013). The New Jersey Supreme Court has likewise held that <u>Padilla</u> is a new rule to be applied prospectively only. <u>State v. Gaitan</u>, 209 N.J. 339, 371 (2012); <u>see also</u> <u>State v. Santos</u>, 210 N.J. 129, 143 (2012). Thus, for convictions such as defendant's that preceded <u>Padilla</u>, constitutionally ineffective assistance of plea counsel can only be established where counsel provided affirmatively misleading advice to a defendant about the immigration consequences of his or her guilty plea. <u>See</u> <u>State v. Nuñez-Valdéz</u>, 200 N.J. 129, 139-43 (2009) (where defense counsel affirmatively misinformed the defendant there would be no immigration consequences arising from his plea); <u>see also</u> <u>Santos</u>, 210 N.J. at 143.

Defendant has failed to present a prima facie claim of ineffectiveness relating to his former counsel's conduct, under the then-applicable standards of <u>Nuñez-Valdéz</u> concerning a client's risks of deportation. The record is bereft of any competent proof that such affirmative misadvice was provided to defendant here. The plea form does not support defendant's claim, as his "Yes" answer to Question #17 acknowledging his awareness

6

of possible deportation is circled and not stricken out, unlike the crossed-out "N/A" response to that query.

Moreover, defendant provides no proof that his counsel gave him affirmative misadvice that he would not be deported. At most, defendant asserts he received no advice at all, which does not transgress pre-Padilla standards. Because defendant presented no prima facie claim of an ineffective assistance of counsel, there was no need for the trial court to conduct an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462-63 (1992).

The trial court likewise did not err in denying defendant's motion to withdraw his 2005 guilty plea. Defendant does not satisfy the factors of State v. Slater, 198 N.J. 145, 150 (2009). He does not advance or substantiate a colorable claim of innocence. Moreover, defendant's negotiated plea bargain to a third-degree offense ultimately yielded him a very favorable non-custodial disposition on an indictment that had charged him with multiple first-degree and second-degree crimes and a lengthy mandatory custodial term. In addition, the State clearly would be prejudiced in now having to prosecute this stale drug case more than a decade after the charges were brought.

Defendant's remaining arguments are plainly without merit and do not warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-0079-17T3